```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X

THE UNITED STATES OF AMERICA,    :

        -against-                : Docket No. 07 Cr. 897 (AKH)

                                 :

MARIO SOSA-GINESTI, et. al,
                                 :
                Defendants.
--------------------------------X
```

### DEFENDANT MARIO SOSA-GINESTI'S MEMORANDUM OF LAW

GOLDSTEIN & WEINSTEIN
Attorneys for Defendant
MARIO SOSA-GINESTI
Office and P.O. Address
888 Grand Concourse
Bronx, New York 10451
(718) 665-9000

## TABLE OF CONTENTS

                                                  **PAGE**

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . .  3

POINT I . . . . . . . . . . . . . . . . . . . . . . . . . .  3

    THE STOP OF THE VEHICLE BASED UPON THE
    INFORMATION AVAILABLE WAS IMPROPER

POINT II . . . . . . . . . . . . . . . . . . . . . . . . .  5

    THE CONDUCT OF THE AGENTS IN FORCIBLY
    DETAINING THE DEFENDANT VIOLATED HIS
    CONSTITUTIONAL RIGHTS

POINT III . . . . . . . . . . . . . . . . . . . . . . . . .  9

    THE SEARCH OF THE VEHICLE VIOLATED THE
    DEFENDANT'S CONSTITUTIONAL RIGHTS

POINT IV . . . . . . . . . . . . . . . . . . . . . . . . . 11

    ANY AND ALL STATEMENTS MADE BY THE DEFENDANT
    MUST BE SUPPRESSED, BECAUSE THEY WERE THE PRODUCT
    OF HIS UNLAWFUL DETENTION AND THE FAILURE OF THE
    ARRESTING OFFICERS TO ISSUE THE MIRANDA WARNINGS

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 13

## STATEMENT OF FACTS

The facts upon which this memorandum is based are more fully set forth in the affidavit of MARIO SOSA-GINESTI, which is submitted herewith.

## POINT I

### THE STOP OF THE VEHICLE BASED UPON THE INFORMATION AVAILABLE WAS IMPROPER

A traffic stop is a seizure within the proscriptions of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10, 116 S.Ct. 1769 (1996); *United States v. Scopo*, 19 F. 3d 777, 781 (2d Cir. 1994). Such a stop is constitutionally permissible only when predicated upon either probable cause or reasonable suspicion, based upon specific and articulable facts, that the individual stopped is engaged in unlawful activity. *United States v. Brignoni-Ponce*, 422 U.S. 873, 884, 95 S. Ct. 2574 (1975). There is a line separating stops based upon objectively credible reasons from those which are based upon the essentially unfettered discretion of officers in the field. *Brown v. Texas*, 443 U.S. 47, 51, 99 S.Ct. 2637 (1979).

Here, agents of the DEA restricted the movement of the defendant's car, which was stopped in Secaucus, New Jersey. Prior to the stop, the only information possessed by the agents was that

3

the defendant, MARIO SOSA-GINESTI, was observed loading a box into the trunk of his car. The car was parked near a tractor trailer, which had its cargo door open. Other agents involved in the investigation had previously seen ANGEL MORALES, a subject of the investigation, at the same location, however, there is no indication that he had any interaction with any of the individuals arrested with Mr. Sosa, or that the car and/or tractor were at the location when Morales was there.

This Court must initially determine whether or not the stopping of the vehicle was justified at its inception. *United States v. Sharpe*, 470 U.S. 675, 682, 105 S.Ct. 2574 (1975). An investigative stop is violative of the Fourth Amendment, when there are no specific, articulable facts to support the conclusion that <u>the individual stopped</u> was engaged in criminal activity. *United States v. Nargi*, 732 F. 2d 1102, 1105 (2d Cir. 1984).

The stop here cannot be justified based upon the type of behavior exhibited by the defendants as sufficient, in the mind of a trained law enforcement officer, to warrant an investigative stop. *United States v. Alexander*, 907 F. 2d 269, 272 (2d Cir. 1990). Rather, these facts fall squarely within the class of cases which are deemed insufficient to support the interference, because premised upon the sheerest speculation, suspicion or hunch. *United States v. Sokolow*, 490 U.S. 1,7, 109 S.Ct. 1581 (1989). There was

absolutely no indication of any illicit activity on the part of the individuals who were stopped. *United States v. Ramirez-Cifuentes*, 682 F. 2d 337, (2d Cir. 1982).

Since there were no specific, objective and articulable facts which gave rise to a reasonable belief that the occupants of the car had engaged, were then engaged or were about to engage in criminal activity, all evidence seized thereafter must be suppressed. *United States v. Cortez*, 449 U.S. 411, 417, 101 S. Ct. 690 (1981); *United States v. Harley*, 682 F. 2d 398, 400-01 (2d Cir. 1982).

## POINT II

### THE CONDUCT OF THE AGENTS IN FORCIBLY DETAINING THE DEFENDANT VIOLATED HIS CONSTITUTIONAL RIGHTS

The progeny of the Supreme Court's decision in *Terry v. Ohio*[1] has delineated for the courts and law enforcement personnel, three levels of "interaction" between police and our citizenry. *United States v. Tehrani*, 49 F.3d 54 (2d Cir. 1994). The most extreme form of police action, to wit, a "seizure," which the Fourth Amendment prohibits in the absence of a warrant or probable cause, occurs when police exert either physical force or a show of

---

[1] 392 U.S. 1, 88 S.Ct. 1868 (1968).

authority to which the subject yields. *California v. Hodari D*, 499 U.S. 621, 111 S.Ct. 1547 (1991). If the police possess the lesser factual level of "reasonable suspicion" that criminal activity is at hand, they may conduct a limited stop, short of a forcible seizure, to further investigate the matter. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921 (1972).

Here, the police conduct far exceeded what was necessary or permissible under the circumstances that existed at the time that the defendant was seized. He was forcibly detained and searched prior to the search of the vehicle and the subsequent observation of any narcotics.

The now well accepted test for determining whether a person has been seized in Fourth Amendment terms, is whether "***in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 5, 100 S.Ct. 1870, 18 (1980). If a warrantless seizure is conducted and probable cause for that intrusion did not exist, all physical evidence and statements obtained through the exploitation of that illegal arrest must be suppressed. *Dunaway v. New York*, 422 U.S. 200, 99 S.Ct. 2248 (1979); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254 (1975); *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1934 (1968). If the Government contends that an infringement was not a "seizure" and

was "sufficiently limited in scope and duration," it bears the burden of establishing that lesser level of intrusion. *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319 (1983).

The law is clear that police have no right to seize people just because they are present with others engaged in criminal conduct, or at a location where such conduct has allegedly occurred. *Ybarra v. Illinois,* 445 U.S. 85, 100 S.Ct. 338 (1979). There is no basis in this record to taint the defendant with the suspicion created by the information regarding the co-defendant. *United States v. Jaramillo*, 25 F. 2d. 1146 (2d Cir. 1994). The police conduct here constituted far more than the simple request for information, accomplished without any show of force or intimidating conduct, which has been approved by the Second Circuit. *United States v. Springer*, 946 F.2d 1012 (2d Cir. 1991); *United States v. Lee*, 916 F.2d 814 (2d Cir. 1990)

It is clear that, as here, a permissible investigative stop (assuming, but not conceding, the legality of the initial stop) may turn into an unlawful detention if the methods used by the authorities are more intrusive than necessary. *United States v. Perea*, 986 F.2d. 633,634 (2d Cir. 1993); *Posr v. Doherty*, 944 F.2d. 91 (2d Cir. 1991). If an investigatory stop based upon reasonable suspicion continues for too long or is unreasonably intrusive, it is transformed into a defacto arrest. United States v. Glover, 957

7

F. 2d 1004, 1011 (2d Cir. 1992. As the Court stated in *Perea*:

> "We look to the amount of force used by police, the need for such force, and the extent to which the individual's freedom of movement was restrained,***whether the target of the stop was suspected of being armed***."
> 986 F.2d. at 645.

Here, there was absolutely no indication that the defendant or the others were armed. There were no facts in the possession of the agents which indicated that the defendants had even committed a crime at the point of detention.

There can be little doubt that anyone in the defendant's situation would have believed, with good reason, that he or she was not free to leave (*United States v. Mendenhall, supra),* or to disregard the request or terminate the encounter. *Florida v. Bostwick*, 501 U.S. 429,434, 111 S.Ct. 2382 (1991). Certainly, the agent's actions and words would have conveyed that sentiment to any reasonable person. *California v. Hodari D.,supra.* The factors required to establish a forcible seizure were present. *United States v. Gomez*, 633 F 2d. 999 (2d Cir. 1980); *United States v. Sugrim,* 732 F. 2d. 25, 28 (2d Cir. 1984).

The fact that the officer was investigating a drug-related crime affords him no greater rights than any other policeman conducting a so-called "Terry" stop. *United States v. Levy*, 731

F.2d 992 (2nd Cir. 1984). As succinctly stated by the Second Circuit, in words equally applicable to this case:

> "[While] narcotics traffickers are often armed and violent . . . that generalization, without more is insufficient to justify the extensive intrusion which occurred in this case. If it were, any narcotics suspect even if unknown to the agents and giving no indication that force is necessary could be faced with a 'maximal intrusion' based on mere reasonable suspicion. *United States v. Ceballos*, 654 F.2d 177, 184 (2nd Cir. 1981.

Since the actions of the police at the moment of the seizure exceeded what was either reasonable, or necessary, it is clear that, independently of the illegality of the initial stop, the defendants' Fourth Amendment rights were violated by the unlawful seizure.

### POINT III

**THE SEARCH OF THE CHEVROLET IMPALA VIOLATED THE DEFENDANT'S FOURTH AMENDMENT RIGHTS**

It is well established that searches conducted without a warrant are per se unreasonable, subject to a few well-recognized exceptions. *Schnecloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041 (1973). One of the exceptions to the general rule is automobile searches, which may be sustained if based upon probable cause to believe that the vehicle contains contraband or evidence.

9

*California v. Acevedo*, 500 U.S. 565, 580, 111 S.Ct. 1982 (1991). However, where the Government claims that the contested search falls within such an exception, it has the burden of demonstrating that fact. United States v. *Kon Yu-Lueng*, 910 F.2d 33, 41, (2d Cir. 1980).

Here, the authorities may have believed that the defendant's vehicle contained cocaine, however, upon information and belief, no one observed any such items in the vehicle. When the vehicle was stopped, all that had observed were boxes, and according to the affidavit submitted herewith, nothing was visible inside.

For all of the reasons set forth in *Points I* and *II*, supra, the information in the possession of law enforcement fell far short of establishing probable cause to believe that the vehicle contained contraband.

Alternatively, the Government may claim that the stop and search of the vehicle were justified pursuant to a protective search. *Michigan v. Long*, 463 U.S. 1032, 1050, 103 S.Ct. 3469 (1983). However, such a search is only permissible when and to the extent necessary to protect the officer from the suspect's use of a weapon against him. *Michigan v. Long,* supra; *Adams V. Williams*, 407 U.S. 143, 146, 92 S. Ct. 1291 (1972). As the Second Circuit has noted, the search may only occur when there are sufficient

facts to justify the stop <u>and</u>,[2] when the police have an articulable suspicion that the person is dangerous. There is no right to search whenever an investigatory stop is conducted. *McCardle v. Haddad*, 131 F.3d 43 (2d Cir. 1997).

Here, assuming without conceding a legal detention, there were no facts present which justified a protective search of the vehicle. Consequently, all evidence seized therefrom must be suppressed.

## POINT IV

**THE FAILURE OF THE ARRESTING OFFICERS TO ISSUE THE "MIRANDA WARNINGS" AS WELL AS THE UNLAWFUL ARREST OF THE DEFENDANT MANDATE SUPPRESSION OF ALL STATEMENTS MADE BY HIM.**

It is a firmly entrenched rule of criminal law that before a suspect is "interrogated" while in "custody" he must be given a set of warnings designed to, ". . . dispel the compulsion inherent in custodial surroundings . . . so that the suspect can exercise the privilege against self-incrimination." *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682 (1980); *Miranda v. Arizona*, 384 U.S. 436, 458, 86 S.Ct. 1602, 1619 (1967). The failure to issue those warnings renders inadmissible at trial any statements made in response to custodial interrogation. *Miranda v. Arizona*, supra.

---

[2] Emphasis supplied.

11

In the instant case, the defendant was subjected to questioning without being apprized that he was entitled to the various Constitutional safeguards enumerated in the *Miranda* decision. There can be little doubt that the defendant was in "custody" and that he was being "interrogated."

It also appears that the defendant's statement was a fruit of the illegal detention and must be suppressed. *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244 (1981); *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394 (1968); *United States v. Ocampo*, 492 F.Supp. 1211 (E.D.N.Y., 1980). In sum and substance, we are presented here with an investigatory seizure such as has been condemned by the Supreme Court.

> ". . .Investigatory seizures would subject unlimited numbers of innocent persons to the harassment and ignominy incident to involuntary detention. Nothing is more clear that the Fourth Amendment was meant to prevent wholesale intrusions upon the personal security of our citizenry, whether these intrusions be termed 'arrests' or 'investigatory detentions.'" Id., at 726-727, 89 S.Ct., at 1937. Dunaway v. New York, 442 U.S. 200, 99 S.Ct., at p. 2257; See also Davis v. Mississippi, supra; and Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254 (1975); United States v. Tucker, 610 F.2d 1007 (2nd Circuit, 1979).

Consequently, the statement allegedly made by MARIO SOSA-GINESTI during the questioning pursuant to that unlawful seizure must be suppressed.

## CONCLUSION

FOR ALL OF THE FOREGOING REASONS, IT IS RESPECTFULLY SUBMITTED THAT ALL EVIDENCE SEIZED FROM THE PERSON OF THE DEFENDANT AS WELL AS FROM THE VEHICLE MUST BE SUPPRESSED

Respectfully submitted,

GOLDSTEIN & WEINSTEIN
Attorneys for Defendant
MARIO SOSA-GINESTI
Office and P.O. Address
888 Grand Concourse
Bronx, New York  10451
(718)  665-9000